UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GREGORY BENDER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No: C 09-1245 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 11 |

This is a patent infringement action brought by Plaintiff Gregory Bender against Defendant Motorola, Inc., based on its alleged infringement of United States Patent No. 5,103,188 (the '188 Patent). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The parties are presently before the Court on Motorola Inc.'s Rule 12(b)(6) Motion to Dismiss Gregory Bender's Amended Complaint for Failure to State a Claim. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion and dismisses the Amended Complaint with leave to amend for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I. **BACKGROUND**

On April 9, 1992, the United States Patent and Trademark Office issued the '188 Patent to Plaintiff for an invention entitled "Buffered Transconductance Amplifier." Am. Compl. ¶ 6. On May 14, 2009, Plaintiff filed an Amended Complaint accusing Defendant of infringing and inducing others to infringe Claims 8-14 and 29- 46 of the '188 Patent. Id. ¶ 8.[1] The Amended Complaint fails to specify any particular accused devices, and instead, simply alleges that

---

[1] The instant case is one of at least two dozen cases filed by Plaintiff based on the alleged infringement of the '188 Patent.

broad categories of Defendant's products are infringing. Id. Plaintiff vaguely identifies the allegedly infringing devices as "products [including], without limitation, cell phones, computers, network drivers, high definition television sets, ultrasound machines, MRI machines, lab equipment, arbitrary waveform generators, audio amplifiers, video amplifiers, hard disc drives, ADC/DAC converters, DVD-RW players, DSL modems, CCD cameras, satellite communication technology, and other products where high performance, high speed analog circuits are used, and/or components thereof." Id.

In response to the Amended Complaint, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the Amended Complaint fails to identify any particular accused devices or any facts to support his claim of inducement to infringe. The motion has been fully briefed and is now ripe for adjudication.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). If a complaint fails to satisfy Rule 8, it "must be dismissed" under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. The pleadings must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). However, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, -- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

Direct infringement claims are governed by 35 U.S.C. § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." Form 18 in the Appendix to the Federal Rules of Civil Procedure provides a sample complaint for direct patent infringement. See also Fed.R.Civ.P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). The form instructs a plaintiff to include:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [*the device*] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages.

McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007) (emphasis added); but see Elan Microelecs. Corp. v. Apple, Inc., 2009 WL 2972374 at *2 (N.D. Cal., Sept. 14, 2009) (questioning whether Form 18 comports with Twombly and Iqbal).

The Federal Circuit has not directly addressed the requisite level of factual detail to maintain a claim for patent infringement. In McZeal, a case decided after Twombly but prior to Iqbal, the Federal Circuit found sufficient a *pro se* plaintiff's complaint which alleged (1) plaintiff's ownership of the patent in suit, (2) the "means by which" the defendant allegedly infringed the patent, and (3) the particular device manufactured and distributed by defendant at

issue, i.e., the "Motorola i930." Id.  The court held that in light of the "low bar for *pro se* litigants to avoid dismissal," such allegations contained "enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion." Id.  The court noted, however, that "a plaintiff is not required to specifically include each element of the claims of the asserted patent." Id. at 1357-1358.

Here, the Amended Complaint is too conclusory to provide "fair notice" of the basis of Plaintiff's claim that Defendant infringed the '188 Patent.  Nowhere in the Amended Complaint does Plaintiff identify, with the requisite level of factual detail, the particular product or line of products, that allegedly infringe the '188 Patent.  Instead, Plaintiff merely claims that the infringing "products include, *without limitation,* cell phones, computers, network drivers, high definition television sets, ultrasound machines, MRI machines, lab equipment, arbitrary waveform generators, audio amplifiers, video amplifiers, hard disc drives, ADC/DAC converters, DVD-RW players, DSL modems, CCD cameras, satellite communication technology, and other products where high performance, high speed analog circuits are used, and/or components thereof." Am. Compl. ¶ 8 (emphasis added).  Plaintiff has done nothing more than recite a laundry list of electronic devices.  These cursory allegations are insufficient to give the Defendant fair notice of the claims being alleged against it.

Plaintiff argues that his Amended Complaint provides all the information required in Form 18. Pl.'s Opp'n at 6-8.  This contention lacks merit.  The form contemplates that the pleader identify the accused device with some semblance of specificity to alert the alleged infringer which device is at issue.  It does not contemplate that the accused device or devices be described in terms of a multiplicity of generically-described product lines such as "satellite communications technology" and "audio amplifiers," as Plaintiff has done here. Am. Compl. ¶ 8. Likewise misplaced is Plaintiff's reliance Judge Marilyn Hall Patel's decision in Bender v. Broadcom Corp., 2009 WL 3571286 (N.D. Cal., Oct. 30, 2009) in which she ostensibly allowed him to allege infringement based "on a large number of a defendant's various product lines . . . ." Pl.'s Opp'n at 9-10.  However, Plaintiff ignores that, unlike here, the complaint in that case actually identified specific accused devices. Bender, 2009 WL 3571286 at *4 n.4;

Schmid Decl. Ex. B at 3, 6-7. Even then, Judge Patel made a point of noting that "[t]he listing provided by plaintiff is (barely) adequate . . . ." Bender, 2009 WL 3571286 at *4.

Equally misplaced is Plaintiff's reliance on McZeal, which Plaintiff contends "reaffirms the continued and current validity of Form 18." Pl.'s Opp'n at 8. Setting aside that Plaintiff has *not* met the pleading requirements of Form 18, Plaintiff reads too much into McZeal. Though referring the elements of Form 18 (then Form 16) in passing, the court did, not as Plaintiff claims, reaffirm the validity of the form. McZeal, 501 F.3d at 1356-57. Rather, the court simply held that a patent infringement plaintiff "is not required to specifically include each element of the claims of the asserted patent." Id. at 1357. Moreover, unlike this case, the *pro se* plaintiff in McZeal had, in fact, identified the infringing devices as the "MOTOROLA i930 and the line of wireless VoIP [voice over internet protocol] products . . . ." McZeal, 501 F.3d at 1357. Based on that description, the defendant in McZeal had fair notice "as to what he must defend." Id. In contrast, Plaintiff's generic descriptions of a litany of electronic products are far too conclusory to pass muster under Rule 8, Twombly or Iqbal.[2]

Even if Plaintiff's allegations adequately afforded Defendant with fair notice of the products that purportedly infringe the '188 Patent—which they clearly do not—the Amended Complaint is subject to dismissal with respect to Plaintiff's claim of induced infringement. Am. Compl. ¶ 8. "In order to prevail on an inducement claim, the patentee must establish first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd., 501 F.3d 1307, 1312 (Fed. Cir. 2007) (internal quotations and citation omitted). Here, Plaintiff fails to allege any facts consistent with the foregoing. Instead, the Amended Complaint alleges *only* that Defendant "performed acts . . . that infringe and *induce others to infringe* . . . ." Id. (emphasis added). This conclusory, fact-barren allegation fails to state a claim for inducement to infringe under 35

---

[2] The Court notes that the a draft Second Amended Complaint attached to Plaintiff's opposition is insufficient to cure the deficiencies discussed in this Order.

- 5 -

U.S.C. § 271(b). Accordingly, the Court grants Defendant's motion to dismiss based on Plaintiff's deficient allegations of inducement to infringe.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Motorola Inc.'s Rule 12(b)(6) Motion to Dismiss Gregory Bender's Amended Complaint for Failure to State a Claim is GRANTED. Plaintiff shall have five (5) days from the date this Order is filed to file a Second Amended Complaint that cures the deficiencies discussed above. Defendant's response to the Second Amended Complaint shall be due fourteen (14) days thereafter. Plaintiff is warned that the failure to file a Second Amended Complaint within the specified time period will result in the dismissal of this action, with prejudice.

2. The Case Management Conference currently scheduled for March 2, 2010 shall be CONTINUED to **April 14, 2010 at 3:30 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

3. Within fourteen (14) days of the date this Order is filed, Plaintiff shall comply with his obligations regarding Disclosure of Asserted Claims and Infringement Contentions under Patent Local Rule 3-1 and Rule 3-2. The deadline for Defendant's Invalidity Contentions under Patent Local Rule 3-3 and 3-4 shall be in accordance with deadline specified in Rule 3-3. Discovery may commence as of the date of this Order is filed.

4. This Order terminates Docket 11.

IT IS SO ORDERED.

Dated: February 26, 2010

SAUNDRA BROWN ARMSTRONG
United States District Judge